EMIL F. KUPFER and Another, Respondents, *v.* JESSIE R. THOMPSON and Others, Respondents, Impleaded with PACKARD MOTOR CAR COMPANY OF NEW YORK and IDA ERDMANN and Another, Appellants.

Second Department, December 23, 1929.

*J. Adam Murphy* [*Vermont Hatch, Edward G. MacArthur* and *Lowen E. Ginn* with him on the brief], for the appellant Packard Motor Car Company of New York.

*Joseph Gazzam* [*John T. Dooling* with him on the brief], for the appellants Erdmann and Elder.

*Herman S. Bachrach* [*Clarence G. Bachrach* with him on the brief], for the plaintiffs, respondents.

RICH, J.   This action is brought for the foreclosure of a mortgage for $25,000, dated *December 20, 1924,* made by the defendant Savage to plaintiffs, covering premises on the north side of Winthrop street, 2,905.07 feet east of the northeast corner of Winthrop street and Flatbush avenue, of the dimensions 106 by 200, county of Kings, city and State of New York, improved with a building used as a garage and service station.   The source of the mortgagor's title is a deed executed by the defendants Erdmann and Elder, dated *November 22, 1924,* and recorded *January 2, 1925.* Defendant Packard Motor Car Company of New York was in possession as tenant under defendant Savage, the mortgagor, and it also claims to have a mortgage on the property for $15,750, made by the defendant Savage.   Erdmann and Elder defend this action upon the ground that plaintiffs' mortgagor had no title to the premises in suit, and claim that the deed to the defendant Savage was procured from them by the fraud of the defendant Gilbert, and counterclaim setting forth their right to recover the

real property in suit as in an action of ejectment, at the same time demanding a jury trial. They also made a motion for a jury trial as a matter of right, it was denied, and an appeal taken to this court from the order entered thereon. The motion for a jury trial was renewed at the opening and close of the trial, and to the ruling an exception was taken. If the deed was procured, as appellants claim, upon the representation that it was an extension of a mortgage, it is a forgery and void (*Marden* v. *Dorthy*, 160 N. Y. 39), and plaintiffs' mortgage falls with it.

This issue of fact has been passed upon by the trial court adversely to defendants' contention, and they appeal from the judgment of foreclosure and sale entered thereon.

It is not necessary upon this appeal to pass upon the merits of the decision of the learned trial court, because we are of the opinion that appellants were entitled to a jury trial upon their counterclaim of ejectment. While some point is made that it was not properly interposed in this action, we are of the opinion that it was. The test of the propriety of a counterclaim is whether the defendant may upon the same facts maintain a separate action against the plaintiff. When defendants Erdmann and Elder acquired full knowledge of the existence of the deed to defendant Savage and plaintiffs' mortgage, their right of action to compel their cancellation vested, because, if procured by fraud as alleged, these instruments were clouds upon their title. The defendants Erdmann and Elder could either have defended against the attempted enforcement of the mortgage by foreclosure (*Rothschild* v. *Title Guarantee & Trust Co.*, 204 N. Y. 458, 461) or could have brought an action in ejectment against the defendant Savage and made plaintiffs parties defendant (Civ. Prac. Act, § 996), because Savage was in possession through her tenant, the Packard Motor Car Company of New York, and the validity of plaintiffs' mortgage is dependent upon Savage's title. In *City of Syracuse* v. *Hogan* (234 N. Y. 457) the action was brought in equity against one Hogan, who was in possession under a deed from one Church and wife, and *Hogan's mortgages*, to determine title to a strip of land in South Salina street, to remove encroachments therefrom, and to reform the mortgages so as to exclude this land. The court, in holding defendants were entitled to a jury trial of their defense in ejectment, said: " If the plaintiff succeeds upon the trial in establishing its title to the land in question, then the deed from Church and wife, *and the mortgages given upon such strip, necessarily fall*. In that event it requires no judicial decree to bring about such result. The judgment awarding plaintiff possession and decreeing that it has title is all that is necessary." An analysis of the complaint

and answer discloses that the main issue to be tried is the *title* to the premises in suit. Such an action has heretofore always been tried by jury, and the Constitution and statute so provide. (*City of Syracuse* v. *Hogan, supra*). It follows that the judgment and order denying motions for a jury trial should be reversed upon the law and motions granted, with costs to abide the event. Findings of fact and conclusions of law inconsistent herewith are reversed.

KAPPER, SEEGER and SCUDDER, JJ., concur; LAZANSKY, P. J., dissents in a separate opinion.

LAZANSKY, P. J. (dissenting). I dissent. Defendants Erdmann and Elder were not brought into this litigation by plaintiffs. The amended complaint alleged that their interest was subordinate to that of plaintiffs. The denial of this allegation drew an issue under which these defendants were permitted to assert their claim, that as a matter of law they had never delivered a deed to Savage and that, therefore, plaintiffs' mortgage was invalid against them. The counterclaim, which sought no equitable relief, was unnecessary and was such in name only. (*Bennett* v. *Edison Electric Il. Co.*, 164 N. Y. 131; *Susquehanna S. S. Co.* v. *Andersen & Co.*, 239 id. 285.) Plaintiffs were not proper or necessary parties in an ejectment suit. They merely had a lien on the property. They neither claimed title to, nor the right to possession of, the real estate involved in any wise adversely to these defendants. (*Becker* v. *McCrea*, 193 N. Y. 423.) Under these conditions, these defendants were not entitled to a trial by jury either as a matter of right under section 425 of the Civil Practice Act, or as a matter of constitutional right. (*Mackellar* v. *Rogers*, 109 N. Y. 468.) In my opinion, the failure of plaintiffs to challenge the sufficiency of the counterclaim or the service of a reply thereto may not be deemed as a consent to a jury trial of the counterclaim. In other respects, the determination of the trial court was fully warranted. Furthermore, payments made by plaintiff Emil F. Kupfer to prevent foreclosure of the first and second mortgages, under the circumstances of the case, warranted a judgment in favor of plaintiffs. (*Pittsburgh-Westmoreland Coal Co.* v. *Kerr*, 220 N. Y. 137.)

Judgment and order reversed upon the law and motions for a jury trial granted, costs to abide the event. Findings of fact and conclusions of law inconsistent herewith are reversed. Settle order on notice.