INDUSTRIAL AND REALTY FINANCIAL CORPORATION, Suing in Behalf of Itself and All Other Holders of Bonds Executed by FIFTY-NINTH STREET AND FIFTH AVENUE CORPORATION, Respondent, *v.* THE CONTINENTAL BANK AND TRUST COMPANY OF NEW YORK, Respondent.

HENRY HAMMERSTAD, etc., Respondent, *v.* THE CONTINENTAL BANK AND TRUST COMPANY OF NEW YORK and Others, Respondents. (Consolidated Action.)

THE SHERNETH CORPORATION and KENNETH OUTWATER and Others, Holders of Bonds of FIFTY-NINTH STREET AND FIFTH AVENUE CORPORATION, by the REAL ESTATE BONDHOLDERS PROTECTIVE COMMITTEE, Appellants.

First Department, December 14, 1934.

*Godfrey Goldmark* of counsel [*Milton M. Bergerman* and *Norman A. Adler* with him on the brief; *Rosenberg, Goldmark & Colin*, attorneys], for the appellants.

*Joseph Nemerov* of counsel [*Joseph A. Gluckman* with him on the brief; *Pollock & Nemerov*, attorneys], for the respondent Industrial and Realty Financial Corporation.

*Milton E. Mermelstein* of counsel [*Samuel L. Chess*, attorney], for the respondent Henry Hammerstad.

PER CURIAM. The court has inherent power to grant intervention and a vacatur of the judgment (*Ladd* v. *Stevenson*, 112 N. Y. 325, 331; *Matter of Automatic Chain Co.*, 134 App. Div. 863, 866; *Flanson Realty Corporation* v. *Workers' Unity House, Inc.*, 229 id. 179), especially in a class or representative suit. (*West* v. *Randall*, 29 Fed. Cas. 718, No. 17,424 [2 Mason, 181].)

While perhaps a *prima facie* right to an accounting was shown, serious doubt exists as to whether a proper exercise of discretion did not require a denial of the relief sought. Neither fraud, mis-misfeasance nor malfeasance is shown, but merely the failure to distribute.

Eighty-six per cent of the bondholders who seek intervention oppose the accounting as wholly unnecessary and wasteful. They show that if all moneys in the hands of the trustee were distributed, each bondholder of the entire issue of $6,000,000 would receive but the nominal sum of five dollars. But they also present facts tending to show that none of the moneys on hand should or can be distributed. All are held by the trustee, not in its capacity as fiscal agent, but solely as trustee. The appellants show that moneys held as fiscal agent consist of payments of principal and interest and are distributable to bondholders; but moneys held as trustee are those received by it to operate the property as mortgagee in possession and to be applied by it in its discretion.

Under the provisions of the trust indenture, as well as under the terms of the assignment of rents agreement, the trustee has the right and is charged with the duty of applying the moneys so held to payment (1) of expenses of management and operation of the hotel; (2) of insurance premiums, cost of repairs, replacements, alterations and additions as may be proper and judicious; (3) taxes and other charges, including the trustee compensation and as

indemnification fund. Only the balance remaining is to be paid on account of defaulted bonds. Unless the funds can be devoted to these purposes, the hotel, it is claimed, must cease operations and be closed.

In these circumstances the determination in the interlocutory decree that the fund in question belongs to the plaintiff and other bondholders similarly situated, that the plaintiffs are entitled to have distribution in whole or in part, and that the trustee is without authority to expend or disburse any moneys without further order of the court, would seem to be unjustified. For like reasons and in any event, it would seem unwise to deplete the fund by the expenses of a reference and an allowance of counsel fees to plaintiffs' attorneys, provision for which is made in the interlocutory judgment.

It follows that the order appealed from should be reversed, with twenty dollars costs and disbursements to the appellants against the plaintiffs, respondents, and the motion of the petitioners to vacate the interlocutory order and judgment as resettled, and upon the vacating of the same for leave to intervene as parties defendant to the consolidated action and to answer the complaints, granted.

Present — FINCH, P. J., MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ.

Order reversed, with twenty dollars costs and disbursements to the appellants against the plaintiffs, respondents, and motion of petitioners to vacate the interlocutory order and judgment as resettled, and upon the vacating of the same for leave to intervene as parties defendant to the consolidated action and to answer the complaints, granted.