CENTRAL WESTCHESTER HUMANE SOCIETY, INC., et al., Plaintiffs, *v.* HERMAN E. HILLEBOE, as Commissioner of Health of the State of New York, Defendant.

Supreme Court, Special Term, Westchester County, August 30, 1952.

*Webster, Sheffield & Chrystie* for New York State Society for Medical Research, Inc., intervener, defendant.

*Nathaniel L. Goldstein, Attorney-General* (*Samuel A. Hirshowitz* of counsel), for defendant.

*Albert Felix* for plaintiffs.

EAGER, J. This is a petition by the New York State Society for Medical Research, Inc., for permission to intervene in the instant action as a party defendant. The action herein was commenced against the Commissioner of Health of the State of

New York for a declaratory judgment that section 5-a of the Public Health Law, commonly known as the Metcalf-Hatch Act, is unconstitutional and to enjoin the defendant from acting under and pursuant to such section.

The petitioner was organized by persons representing the leading medical research and teaching institutions of this State, to promote high standards of medical and scientific research. The petitioner is the prime organization representing the interests of many of the most important hospitals, medical schools, research institutions and laboratories in this State in their interest in obtaining and use of animals for research purposes. The desperate shortage of research animals caused petitioner to strongly advocate legislation of the ilk of the Metcalf-Hatch Act. The petitioner assisted in the drafting of the act, and helped to influence its enactment. After the passage of the act, as said section 5-a of the Public Health Law, the Commissioner of Health of the State of New York announced the formation of an advisory committee to assist him in the overcoming of any difficulties that might arise in the operation of the law. Representatives of petitioner were appointed to this committee.

The petitioner seeks to intervene in this action as a party defendant pursuant to sections 193 and 193-b of the Civil Practice Act. The plaintiffs object to the intervention of petitioner on the ground that petitioner has no justiciable interest in the cause.

Subdivision 2 of section 193-b of the Civil Practice Act provides that, '' Upon timely application any person may be permitted to intervene in an action * * * (b) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.''

This section was added to the Civil Practice Act by chapter 971 of the Laws of 1946. The enactment thereof effected a change in the wording of the statute upon the subject of intervention. The fact is that the old statute had been criticized as too limited. (See Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 218–232.) The wording of the old statute differed so radically that decisions thereunder are not controlling.

It would seem that the Supreme Court has inherent power to grant intervention to parties whose rights will be adversely affected by the outcome of an action. (See *Industrial & Realty Fin. Corp.* v. *Continental Bank & Trust Co.*, 242 App. Div. 598 [1st Dept.].) And the history of intervention shows a trend in the direction of the extension of the remedy rather than restriction. (See *Rubin* v. *Irving Trust Co.*, 105 N. Y. S. 2d 140.) Under the liberal language of the present statute, it is not required that a proposed intervener shall have a direct personal or pecuniary interest in the subject of the action. If he would be indirectly affected by the litigation in a substantial manner, and his claim or defense with respect to the subject matter of the litigation has a question of law or fact in common therewith, it would seem that he may be permitted to intervene. (See *Securities Comm.* v. *U. S. Realty Co.*, 310 U. S. 434, 459, construing similar language in rule 24 of the Federal Rules of Civil Procedure.)

It is the rule that all persons who may be affected by a declaratory judgment should be joined as parties to the action therefor. (*Utica Mut. Ins. Co.* v. *Hamera*, 162 Misc. 169; *Gilligan* v. *Cunningham*, 273 App. Div. 1046 [3d Dept.].) Here, there is no question of the petitioner's concern in the subject matter of this action for a judgment seeking to declare the said act unconstitutional. In its own right and as a representative of institutions sought to be benefited by the act, the petitioner is vitally interested in upholding the act. Its work and the functions of the member groups and institutions represented by it would be greatly restricted by a finding that the statute was unconstitutional. In fact, such a finding would work a frustration of the petitioner's extended efforts to procure such a law and take from it the fruits of its crusade in bringing about this particular legislation. The invalidating of the act would constitute a serious setback in its strivings for advancement in medical science and research.

The court feels that it has the power to and should grant the petition to intervene. The plaintiffs will not be prejudiced and the action will not, thereby, be unduly delayed. In fact, there is still pending in this action a motion before answer to dismiss certain of the causes of action in the action. Rather than hindering the final adjudication herein, the granting of this motion may well facilitate it, for petitioner's long research and extensive knowledge of the facts which stimulated the enactment of the act in question may well be of aid in the reaching of a just determination of the questions herein presented.

The cases cited by plaintiffs do not militate against the granting of the application. They are not in point. They are cases in which it is held that a person without a personal, property or civil right infringed may not attack the constitutionality of a legislative enactment. On the other hand, the decision in *Matter of Zorach* v. *Clauson* (195 Misc. 531) cited by petitioners is somewhat in point. That case was an article 78 proceeding to obtain a discontinuance by the board of education of the city of New York of its released time program for religious instruction, on the ground that the program was unconstitutional. The Greater New York Co-ordinating Committee on Released Time of Jews, Protestants and Roman Catholics had been instrumental in the passage of legislation promoting released time and had supervised the operation of the program for some time, and it was granted the right to intervene as a party respondent in the proceeding over the objection of the original petitioner therein. The positions occupied by the petitioner in the case at bar and that of the Co-ordinating Committee on Released Time in the *Zorach* case (*supra*) are quite similar.

Submit order on notice granting the application to intervene.