Henry A. Hudson, J.
Three motions have been made in the above-entitled action. The first two by the defendant, one to dismiss the plaintiff’s complaint upon the ground that it appears upon the face thereof that the same does not state facts sufficient to constitute a cause of action and in the alternative that the defendant be permitted to examine the plaintiff as an adverse party before trial through its officers, agents or employees and to examine one (Min J. Cutler, the original owner of the chattel, and the person who executed and delivered the chattel mortgage which forms the basis for the plaintiff’s cause of action herein. The third motion is made on behalf of Dembs Motors, Inc., for permission to intervene in the action as a party defendant.
The facts which are pertinent to the issues upon these various motions are briefly as follows: On or about the 3d day of June, 1954 one Orlin J. Cutler executed a chattel mortgage upon a 1954 Ford Country Squire automobile delivering the same to the *812 plaintiff which upon the following day filed such chattel mortgage in the town clerk’s office of the Town of Clayton, which town is stated in the mortgage to constitute the address of the said Orlin J. Cutler. Such mortgage was given to secure a note indebtedness of $1,500. On March 17, 1955 such Ford automobile was conveyed by the said Orlin J. Cutler to Dembs Motors, Inc., of the city of Watertown, New York, in trade for and as a partial payment for a new automobile, the said Cutler being allowed the sum of $2,550 therefor. That at that time the said Cutler represented himself to Dembs Motors, Inc., as being a resident of the city of Utica, New York, and that there were no outstanding liens or encumbrances against said Ford automobile despite the fact that the plaintiff was the holder of the chattel mortgage aforesaid. That thereafter and on April 6, 1955 Dembs Motors, Inc., sold and conveyed said Ford automobile to the defendant for the sum of $2,295 and warranted to him that said chattel was free and clear of encumbrances. That at some time after the transfer of said Ford automobile to Dembs Motors, Inc., the exact time being in dispute, the plaintiff advised Dembs Motors, Inc., of the existence of its chattel mortgage and some discussion or negotiations took place between representatives of the plaintiff and representatives of Dembs Motors, Inc., relating to the action to be taken against Cutler. The exact nature of the negotiations and any agreements in respect thereto and of the action of the parties in connection therewith are in dispute.
During the summer of 1955, the plaintiff succeeded in collecting from Cutler upon said mortgage enough to reduce the balance due upon said mortgage to $600 and thereafter made a demand upon Dembs Motors, Inc., for the balance due. Dembs Motors, Inc., thereafter refused payment of the balance due claiming certain defenses as a result of the alleged negotiations or agreements between the plaintiff and Dembs Motors, Inc., and the plaintiff thereupon instituted this action to replevin the Ford automobile covered by said chattel mortgage from the defendant who thereafter re-replevied the automobile posting an undertaking as required by statute.
The basis of the first motion to dismiss the complaint is that the complaint fails to state that on the 3d of June, 1954 the said Orlin J. Cutler was a resident of the town of Clayton, it being claimed that the allegation of the complaint in this respect was that the said Cutler was a resident of the town of Clayton on June 4, 1954, the day after the mortgage was executed. The allegation of the complaint in this respect is, numbered “ Sixth ” and reads as follows: “ That on the 4th day of June, 1954. a *813 copy of said Chattel Mortgage was duly filed in the Office of the Clerk of the Town of Clayton, New York, stated residence of said Orlin J. Cutler and where he then resided and was engaged in business.” I am of the opinion that this allegation is sufficient to permit the proof by the plaintiff of the facts of the residence of the said Cutler on June 3 or June 4, 1954 as the case might be and the defendant’s motion to dismiss the complaint is, therefore, denied.
The defendant then requests in the alternative in his motion that he be permitted to examine the officers, agents or employees of the plaintiff before trial. The plaintiff did not seriously oppose this portion of the motion and the same is granted.
The defendant also moved for an examination of Orlin J. Cutler before trial as the original owner of the chattel out of which the plaintiff’s cause of action arose. Cutler is not a party to the action. He has not been shown to necessarily be a witness for the plaintiff. It is conceded that neither the plaintiff nor the defendant knows his whereabouts. It was stated upon the argument of the motion that his whereabouts are unknown and that it is thought he may be outside of the State. In order for the court to determine whether it is proper for an order to be made directing the examination before trial or the taking of a deposition of Orlin J. Cutler, facts must appear from which the court can determine both the whereabouts of the said Cutler, and, particularly, whether he is a resident or nonresident of the State. The motion in respect to the examination of said Orlin J. Cutler is, therefore, denied without prejudice to the rights of the defendant to apply to the court upon proper affidavits supplying the information required by statute to justify such examination.
There remains for consideration the final motion of Dembs Motors, Inc., to intervene in the action. The right to intervene in a replevin action is provided under section 1109 of the Civil Practice Act. It relates to a person not a party to the action who claims the right to the possession of the chattel replevied in the action by reason of his ownership therein or of a special property therein. Dembs Motors, Inc., does not in my opinion come within this section. The right to intervene generally in an action is provided for in section 193-b of the Civil Practice Act as amended. This section was added by chapter 971 of the Laws of 1946 and the practice was greatly extended thereby. Subdivision 1 of section 193-b provides for those cases in which a mandatory right to intervene is given. Subdivision 2 relates to those cases in which a discretionary right to intervene is given. Subdivision 1 of section 193-b provides: “ Upon timely *814 application any person shall be permitted to intervene in an action, including, but not limited to, an action for a sum of money only: * * * (b) when the representation of the applicant’s interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or * * * (d) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of, or subject to the control of or disposition by, the court or an officer thereof.” Subdivision 2 of section 193-b provides as follows: “ Upon timely application any person may be permitted to intervene in an action, including, but not limited to, an action for a sum of money only: * * * (b) when an applicant’s claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.”
The right to intervene as extended by chapter 971 of the Laws of 1946 is extensively discussed in Bender on New York Practice (vol. 1, p. 353). The effect of the statute prior to the 1946 amendment and the general purposes of the proposed amendment is thoroughly examined in the Twelfth Annual Report of N. Y. Judicial Council (1946, pp. 218-232). The right to relief and the fact that the courts recognize a trend in the direction of the extension of the remedy rather than the restriction of it is set forth in Central Westchester Humane Soc. v. Hilleboe (202 Misc. 873).
I am of the opinion that Dembs Motors, Inc., who seek the privilege of the intervening, has a definite interest in the outcome of the present action and that such interest might well be inadequately represented upon a trial of the action between the original plaintiff and defendant and that Dembs Motors, Inc., would be bound by a judgment in the action in favor of the plaintiff. In this connection adequate representation would seem to require the testimony of all of the officers, agents and employees of Dembs Motors, Inc., who were involved in the purchase and sale of the automobile in question.
I am also of the opinion that Dembs Motors Inc., is so situated that it would be adversely affected by a distribution or other disposition of the property which is the subject of this replevin action. In this connection, in the event the plaintiff were successful, its right to the automobile, which is the subject of the replevin action would be established and it would thereupon proceed to foreclose its mortgage and sell such automobile to satisfy its lien of $600. The defendant, who is the present *815 owner of such automobile and who in April, 1955 paid approximately $2,400 therefor and received a warranty of title from Dembs Motors, Inc., the proposed intervenor, might well be substantially damaged through such a sale and in the event of any such damage, Dembs Motors, Inc., the proposed intervenor, concededly would be liable therefor.
I am also of the opinion that the Dembs Motors, Inc., has set forth in its moving affidavit and in its proposed answer and counterclaim both a claim and a defense which will involve both questions of law and fact in common with those involved in the main action.
It, therefore, would appear that Dembs Motors, Inc., is entitled to relief under the provisions of paragraphs (b) and (d) of subdivision 1 of section 193-b and also under the discretionary provision as contained under paragraph (b) of subdivision 2 of section 193-b. I cannot see where the rights of the plaintiff would be prejudiced or that there would be any undue delay of the adjudication of the rights of the original parties, if the right to intervene were granted under paragraph (b) of subdivision 2 of section 193-b. If the right to intervene were denied and the plaintiff was successful, the defendant would upon the facts conceded upon the application, have a cause of action against Dembs Motors, Inc., for any damage sustained by him. Dembs Motors, Inc., would then have, under the claims made by it upon this application as the basis for its right to intervene, a cause of action against the plaintiff. This could result in the court being called upon to determine three separate actions, one after the other. If Dembs Motors, Inc., is permitted to intervene all of said issues can be tried out and determined in one action. This, not only is the present policy of the courts but it is also one of the basic reasons for the liberalization of intervention practice as provided by the addition of section 193-b in 1946. (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 221.) The rights of the plaintiff are fully protected because this court has already approved in this action, an undertaking in the principal amount of some $7,200 to cover the interest of the plaintiff in the action, which concededly amounts to only $600 plus interest and costs. The moving party, Dembs Motors, Inc., is, therefore, granted permission pursuant to the provisions of section 193-b, to intervene in the action.
All of the above motions in the alternative, are denied or granted, without costs. Orders may be submitted in accordance with the above opinion.