Felix C. Benvenga, J.
This is a motion by one Mamie P. Watts to intervene as a party defendant in an action to foreclose a mortgage. The applicant, formerly the record holder of the title to the real property here involved, seeks to intervene for the purpose of staying or defeating the action, for affirmative relief declaring the purported deed to the mortgagor to be a forgery and void, and for other relief.
The motion is made pursuant to section 193-b of the Civil Practice Act, which, so far as pertinent, permits intervention: (1) as of right, where the applicant “ has an interest in real property, the title to which may in any manner be affected by the judgment” (subd. 1); and (2) in the discretion of the court, where the applicant’s “ claim or defense and the main action have a question of law or fact in common ” (subd. 2).
1. At common law, the remedy of intervention was of a limited and restricted nature. Indigenous to the old common law, and tending to restrict the extension of rights of intervention, was an ‘ ‘ unusual concern ’ ’ that the plaintiff be enabled by the courts to control his action (Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 219-220; cf. Chapman v. Forbes, 123 N. Y. 532, 537-538), and although the first intervention statute was enacted in 1851, the remedy nevertheless remained of a narrow and limited nature until the present statute was enacted in 1946 (see Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 220-221). Since then, the trend has been in the direction of the extension of the remedy rather than restriction (Central Westchester Humane Soc. v. Hilleboe, 202 Misc. 873, 874-875).
The statute serves a two-fold purpose: subdivision 1 gives a person not a party to the action the “ right ” of intervention as *54 a means of protecting himself, especially where he is or may be bound by a judgment in the action; while subdivision 2 makes the remedy of intervention available to the court as a. means of facilitating the disposal in one action of all the issues involved, thus avoiding both court congestion and undue delay and expense to the parties (see Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 218, 226-227).
It follows that, as a general rule, a third party will be permitted to intervene if his interests will be jeopardized by his absence (2 Carmody-Wait, N. Y. Prac., p. 654, § 88). So, if.he is “ ultimately and really interested ’’ in the result of the litigation, in order that the whole controversy may be ended in one action and by a single judgment (Pomeroy on Code Remedies [5th ed.], § 308; Mandel v. Guardian Holding Co., 192 App. Div, 390, 392-393).
It would seem therefore that, both as a matter of right and as a matter of discretion, the applicant should be permitted to intervene,
2, Plaintiff contends that the statute is not broad enqugh to give the applicant the right of intervention, inasmuch as plaintiff’s title to the property will not be affected by the judgment in the action. In support of- this contention, plaintiff relies upon the well-settled common-law rule that, so far as legal rights are concerned, the only proper and necessary parties to an action-for foreclosure are the mortgagor and' mortgagee, and those who have rights under.them subsequent to the mortgage; that, therefore, plaintiff cannot be required either by a-party defendant or by an intervenor, to litigate the validity of any title which is adverse or paramount to the mortgage in suit (Corning v. Smith, 6 N. Y. 82, 84; Emigrant Ind. Sav. Bank v. Goldman, 75 N. Y. 127, 131-132; Fifth Ave. Bank v. Cudlipp, 1 App. Div. 524, 525; 1 Wiltsie on Mortgage Foreclosure [5th ed.], § 140-141). But this is the general rule. It does not apply where the purported deed to the mortgagor is a forgery and void; for if the deed is void, the mortgage is likewise void (Marden v. Dorthy, 160 N. Y. 39, 50-51, 53-56; Kupfer v. Thompson, 227 App. Div. 516, 518-519; Caccioppoli v. Lemmo, 152 App. Div. 650, 659-662; see 1 Wiltsie on Mortgage Foreclosure [5th ed.], § 186).
In any event, the purpose and effect of the statute is to. render inapplicable the common-law rule under which the plaintiff was privileged to select his opponents and control the action. As has been aptly observed, the speedy and-.economic administration of justice is of infinitely greaterimportance than the “ whims and personal desires ” of a particular plain *55 tiff (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 222; Medina, Some Phases of the New York Civil Practice Act and Rules, 21 Col. L. Rev. 113, 123; see, also, Pomeroy on Code Remedies [5th ed.], § 325).
Moreover, the construction which plaintiff contends for is altogether too narrow and restricted. It is contrary to the well-established rule that a remedial statute, even though in derogation of the common law, is to be liberally construed with a view to effectuating its purpose (Black on Interpretation of Laws [2d ed.], pp. 487, 586), and contrary to the judicial trend which has been in the direction of the extension of the remedy rather than restriction (Central Westchester Humane Soc. v. Hilleboe, supra). And since the primary purpose of the statute, as well as the statutes relating to joinder of parties and causes of action and consolidation and severance of actions, is to facilitate the disposal of a controversy in one action and by a single judgment, the construction contended for would be a step in the wrong direction; it would defeat the very purpose of the statute and the modern theories of procedure.
The motion is accordingly granted, and the plaintiff directed to serve copies of the pleadings upon the applicant within 20 days after the service of a copy of the order to be entered hereon. Settle order.