In the Matter of EUGENE H. NICKERSON, as County Executive of Nassau County, et al., Petitioners, *v.* BOARD OF SUPERVISORS OF NASSAU COUNTY et al., Respondents.

Supreme Court, Special Term, Nassau County, August 13, 1962.

*Bertram Harnett, County Attorney,* for Eugene H. Nickerson, petitioner. *Henry W. Schober* for Milton Lipson, petitioner. *Harold E. Collins* for Board of Supervisors of Nassau County and others, respondents. *Milton Popper* for George B. Costigan, respondent.

THOMAS P. FARLEY, J. By this proceeding under article 78 of the Civil Practice Act, the petitioners seek, by order in the nature of mandamus, to compel the Board of Supervisors of the County of Nassau to provide funds for the immediate payment of the salary of a Commissioner of Accounts (County

Government Law of Nassau County, § 206). Respondents, the majority of the Board of Supervisors, move to dismiss the petition on the theory that it appears on the face thereof that petitioners can under no circumstances have the relief they seek.

It cannot be said on the face of the papers before the court that mandamus is not a proper proceeding for a determination of the rights of the respective parties herein. However, the petition in its present form fails to present sufficient allegations of fact to warrant a determination on the merits at this time.

Petitioners' right to relief must arise, if at all, from the adoption of a budget for the County of Nassau for the year 1962 and the enactment of an appropriation ordinance with respect thereto in the manner provided by law and the inclusion (legally) in such budget and appropriation ordinance of a contingency fund available for the purpose to which it is now sought to be applied by the petitioners.

The court is entitled to statements in the petition (in such form that they may be admitted or denied) as to whether or not the budget for 1962 and an appropriation ordinance for that year were adopted in the manner provided by law; whether a contingency account was incorporated therein; the origin and nature of such account and the facts with respect to any restrictions on its use; whether or not the county executive provided for the office of Commissioner of Accounts in the 1962 budget and what salary, if any, was fixed. The petition is devoid of the allegation of any facts with respect to these matters. The further course of this litigation will be greatly expedited if it comes before the court on pleadings properly framed and containing, as provided by section 1288 of the Civil Practice Act, "a plain and concise statement of the material facts on which the petitioner relies", accompanied by affidavits and other written proof, if available.

The motion to dismiss is accordingly granted with leave to the petitioners, within 15 days of the entry of the order herein, to serve an amended petition, with respect to which respondents may answer or move within 10 days after such service.