MILTON LIPSON, Plaintiff, *v.* COUNTY OF NASSAU, Defendant.

District Court of the County of Nassau, First District, August 23, 1962.

*Henry W. Schober* for plaintiff. *Bertram Hartnett, County Attorney,* for defendant. *Harold E. Collins* for movants.

BERNARD TOMSON, J. John J. Burns, Palmer D. Farrington, Clinton G. Martin, Ralph G. Caso and Joseph M. Reilly, '' individually and as members of the Board of Supervisors of the County of Nassau '' seek an order pursuant to section 193-b of the Civil Practice Act to intervene in this action.

The complaint alleges that the plaintiff was appointed Commissioner of Accounts of the defendant county on May 1, 1962 by the County Executive, who fixed his salary and compensation; that '' plaintiff has duly performed all the terms, provisions and conditions of said appointment and employment as Commissioner of Accounts on his part to be performed ''; and that '' by reason of the premises, there has become due and payable and there is now owing to plaintiff from the defendant for

the period commencing May 1, 1962 to and including June 28, 1962, the sum of Twenty-Four Hundred Eighty & 76/100 ($2480.76) Dollars ".

The second cause of action *quantum meruit* alleges in paragraph 17 that there is due to the plaintiff from the defendant the sum of $2,480.76. The defendant's answer interposed by the County Attorney admits *inter alia* the allegations of paragraphs 11, 12 and 17. There is thus admitted by the defendant's answer the allegations that the County of Nassau is indebted to the plaintiff in the sum of $2,480.76.

The proposed answer of the intervenors, on the other hand, among other denials denies each and every allegation contained in paragraphs 11, 12 and 17 of the complaint, so that if the application were granted there would be present issues of law and facts as to the right of the plaintiff to recover for the services alleged to have been rendered.

The intervenors urge, as members of the Board of Supervisors, that they should be permitted to intervene since the board is a governing body of the County of Nassau (County Government Law of Nassau County, §§ 102, 103; L. 1936, ch. 879, as amd.). Attention is also called to section 11–3.0 of the Nassau County Administrative Code (L. 1939, chs. 272, 704) which sets forth the powers and duties of the County Attorney, particularly subdivision b thereof which reads: " b. He shall not be empowered to compromise, settle or adjust any rights, claims, demands or causes of action in favor of or against the county unless authorized by the board of supervisors acting by resolution, or by the board, body, commission or officer empowered by statute to direct or consent to such compromise, settlement or adjustment. However, this prohibition shall not operate to limit or abridge the discretion of the county attorney in regard to the proper conduct of the trial of any proceeding or action at law, or to deprive such county attorney of the powers or privileges ordinarily exercised in the course of litigation by attorneys at law when acting for private clients. *He shall not permit, offer or confess judgment against the county, or accept any offer of judgment in favor of the county, unless previously duly authorized so to do by resolution of the board of supervisors.*" (Emphasis supplied.)

Turning now to the statutory provisions for such intervention, we find that section 193-b of the Civil Practice Act permits intervention: " 1. Upon timely application any person shall be permitted to intervene in an action, including, but not limited to, an action for a sum of money only: (a) when a statute of

this state confers an absolute right to intervene * * * 2. Upon timely application any person may be permitted to intervene in an action, including, but not limited to, an action for a sum of money only: * * * (b) when an applicant's claim or defense and the main action have a question of law or fact in common.''

The section represents '' an adaptation of Rule 24 of the Federal Rules of Civil Procedure.'' (See Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 225.)

Carmody-Wait, Cyclopedia of New York Practice (vol. 2, pp. 658–659) states: '' It is no longer necessary that a ' direct ', ' personal', or ' pecuniary ' interest in the subject of the litigation be shown.''

This statement in turn is derived from the opinion of *Securities Comm.* v. *United States Realty Co.* (310 U. S. 434, 459–460, 461 [1940]). Therein it was stated: '' Rule 24 of the Rules of Civil Procedure, made applicable to bankruptcy proceedings by paragraph 37 of the General Orders in Bankruptcy, authorizes ' permissive intervention '. It directs that ' upon timely application anyone may be permitted to intervene in an action * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.' This provision plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation. Cf. *Pennsylvania* v. *Williams* (294 U. S. 176). If, as we have said, it was the duty of the court to dismiss the Chapter XI proceeding because its maintenance there would defeat the public interest in having any scheme or reorganization of respondent subjected to the scrutiny of the Commission, we think it plain that the Commission has a sufficient interest in the maintenance of its statutory authority and the performance of its public duties to entitle it through intervention to prevent reorganizations, which should rightly be subjected to its scrutiny, from proceeding without it.'' (See, also, 2 Barron and Holtzoff, Federal Practice and Procedure, p. 388 *et seq.* relative to permissive intervention; 7 Cyclopedia of Federal Procedure, pp. 61, 62; 4 Moore, Federal Practice [2d ed.], p. 64 *et seq.*, par. 24.10 [5]; and cf. *All Amer. Airways* v. *Village of Cedarhurst*, 201 F. 2d 273, 274; *Mitchell* v. *Singstad*, 23 F. R. D. 62, 64; *Guaranty Trust of N. Y.* v. *West Virginia Turnpike Comm.*, 109 F. Supp. 286, 294; *People of State of California* v. *United States*, 180 F. 2d 596, 601;

*Woburn Decreasing Co. of N. J.* v. *Kellogg & Sons,* 3 F. R. D. 7, 8; *Jewell Ridge Coal Corp.* v. *Local No. 6167,* 3 F. R. D. 251, 255.)

(For statements similarly interpreting section 193-b of the Civil Practice Act, see Tripp, A Guide to Motion Practice [Rev. ed.] 1949, p. 87 *et seq.*; Cum. Supp. 1949–1955, pp. 74, 75; Cum. Supp. 1955–1962, pp. 65, 66; *Harrison* v. *Bain Estates,* 2 Misc 2d 52, affd. 2 A D 2d 670; *Matter of 634 St. Nicholas Ave.* v. *Caputa,* 20 Misc 2d 400.)

See, also, *Matter of Petroleum Research Fund* (3 Misc 2d 790, 793–794) which reads:

"It appears, therefore, that the Judicial Council intended by its recommendation to the Legislature of what is now section 193-b of the Civil Practice Act, that the courts should have broad discretionary powers to grant intervention even in the absence of direct interest in the subject of the controversy (see, also, 4 Moore, Federal Practice, § 24.10, p. 60).

"In *Textile Workers Union of America* v. *Allendale Co.* (226 F. 2d 765, 769), the court, after considering the right to absolute intervention under subdivision (a) of rule 24, concluded: 'Even if 24 (a) were inapplicable here, we are convinced that appellants would be entitled to intervene under the terms of 24 (b). Appellees concede that appellants may have a 'general interest' in the subject of the suit, but they assert that this interest does not constitute a 'claim or defense' as required by the rule. Principal reliance is placed on *Jewel Ridge Coal Corp.* v. *Local 6167* [3 F. R. D. 251]. But, as Professor Moore points out, in commenting upon the *Jewel Ridge* case and others of similar purport, intervention has been allowed in situations where 'the existence of any nominate 'claim' or 'defense' is difficult to find.'' And establishing a " claim or defense " for purposes of permissive intervention is, of course, not dependent upon a showing of " direct pecuniary interest " in the litigation. In any event, appellants have much more than a " general interest " to protect. They have a real economic stake in the outcome of this litigation.' (See, also, *Champ* v. *Atkins,* 128 F. 2d 601.)

"In *Central Westchester Humane Soc.* v. *Hilleboe* (202 Misc. 873, 874–875), the court, in discussing permissive intervention, stated: 'The enactment thereof effected a change in the wording of the statute upon the subject of intervention. The fact is that the old statute had been criticized as too limited. * * * The wording of the old statute differed so radically that decisions thereunder are not controlling. It would seem that the Supreme Court has inherent power to grant intervention to parties whose rights will be adversely affected by the outcome of an action. (See *Industrial & Realty Fin. Corp.* v. *Continental*

*Bank & Trust Co.*, 242 App. Div. 598 [1st Dept.].) And the history of intervention shows a trend in the direction of the extension of the remedy rather than restriction. (See *Rubin* v. *Irving Trust Co.*, 105 N. Y. S. 2d 140.) Under the liberal language of the present statute, it is not required that a proposed intervener shall have a direct personal or pecuniary interest in the subject of the action. If he would be indirectly affected by the litigation in a substantial manner, and his claim or defense with respect to the subject matter of the litigation has a question of law or fact in common therewith, it would seem that he may be permitted to intervene. (See *Securities Comm.* v. *U. S. Realty Co.*, 310 U. S. 434, 459, construing similar language in rule 24 of the Federal Rules of Civil Procedure.) ' ''

On appeal in the *Petroleum Research Fund* matter (3 A D 2d 1), the order of Special Term was modified only to the extent that all the intervenors were required to be represented by one chief counsel. In all other respects, the determination was affirmed, the Appellate Division stating (pp. 2–3, 4):

" The record before us presents a proper case for the exercise of discretionary power to grant intervention, as found in subdivision 2 of section 193-b of the Civil Practice Act. We construe this section as applying to both actions and proceedings.

" To limit discretionary supervision to actions only, as contended by the appellant, is to utterly disregard the consideration which led to its enactment. A procedural device that is calculated to reform and modernize the remedy of intervention deserves a wide latitude of construction to effectuate its purposes.

" This section was adopted in 1946 (L. 1946, ch. 971) on the recommendation of the Judicial Council. (Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 163–232.) The Judicial Council stated at page 225 of its report that section 193-b represented an adaptation of rule 24 of the Federal Rules of Civil Procedure. Its purpose was to extend the remedy of intervention to cases where it had theretofore been denied in New York and thus add another device for the promotion of trial convenience. * * *

" *We also find persuasive that, in the absence of the intervenors, there is, as a practical matter, no real adversary proceeding before the court. The beneficiary of the trust and the Attorney-General do not oppose the trustee's application. Responsibility for ultimate decision rests with the court. Obviously, the court will be assisted materially by a presentation of relevant facts by the intervenors who propose to contest the petitioner's application.*'' (Emphasis supplied.)

From the foregoing it is evident that the overwhelming weight of authority requires, alternatively either as a matter of right or as a matter of discretion, that the application be granted. The Appellate Division's opinion in *Matter of Petroleum Research Fund* (*supra*) is particularly apropos because, both in that case and here, in the absence of the intervenors' proposed answer, there exists no real adversary proceedings before the court. Furthermore, the granting of the application is made all the more necessary by the provisions of section 11–3.0 of the Nassau County Administrative Code, which by its very terms prohibits the County Attorney from permitting, offering or confessing judgment against the county " unless previously duly authorized so to do by resolution of the board of supervisors." The answer interposed by the County Attorney, although technically perhaps not in contravention of the stated prohibition, nevertheless arrives at the prohibited result. It is pertinent, however, to point out that the County Attorney, in the resolution of this contretemps, does not oppose the intervention of the movants, whereas the motion is firmly contested by the plaintiff.

Another factor to consider is the determination of Mr. Justice FARLEY in *Matter of Nickerson* v. *Board of Supervisors, Nassau County* (35 Misc 2d 1053), which would also appear to require the granting of the instant application. In that proceeding, the County Executive sought by order in the nature of mandamus to compel the Board of Supervisors to provide funds for the immediate payment of the plaintiff as Commissioner of Accounts. A motion to dismiss " on the theory that it appears on the face thereof that petitioners can under no circumstances have the relief they seek " was granted. Although that decision refers to " the further course of this litigation " and assumes a reinstated proceeding based " on pleadings properly framed," the precise holding there was that the motion to dismiss the article 78 proceeding be granted. In consequence, a denial of the instant application would result in an extraordinary paradox in that the recent determination of the Supreme Court denies the provisions of funds for the salary of the plaintiff as Commissioner of Accounts, while in the District Court, absent intervention by the members of the Board of Supervisors, the present pleadings acknowledge that the plaintiff as Commissioner of Accounts is entitled to recovery of his salary.

The motion is granted. The proposed answer of the intervenors shall be served within 15 days after service of a copy of the order signed herewith. Also, the title of the action shall be amended to conform with that set out in the proposed answer.