Harold J. Crawford, J.
This is a motion by the Motor Vehicle Accident Indemnification Corporation, hereinafter referred to as MVAIC, for leave to intervene in an action for a declaratory judgment and, upon intervention being granted, to change the venue of the action to the Supreme Court, Onondaga County.
The action is brought by an insurance carrier for a judgment declaring its rights and obligations with respect to a certain policy of automobile liability insurance. The defendants herein are John J. Cardinell, to whom the plaintiff issued and delivered the said insurance policy as and for insurance on a Buick automobile owned by this defendant; Claude Cardinell, who on October 12, 1960, was allegedly operating this automobile with the permission of defendant John J. Cardinell; Michael Monaghan, an infant, who allegedly was struck by the aforesaid *982 automobile while Claude Cardinell was operating it; and Ernest Monaghan, the father of Michael. Each of the Monaghans is presently prosecuting a negligence action in the Supreme Court, Onondaga County, against John J. and Claude Cardinell for personal injuries and loss of services allegedly sustained by reason of their negligence. The plaintiff has appeared in those actions on behalf of the defendants therein with their consent and pursuant to a nonwaiver agreement.
In the instant action the plaintiff claims that notice to it of the accident was not timely given and that it should be permitted to disclaim liability for that reason.
MVAIC, the proposed intervenor, bases its application on the ground that a statute of this State confers an absolute right to intervene, that the representation of its interest by the existing parties is inadequate and that it may be bound by a judgment rendered herein.
Section 193-b of the Civil Practice Act provides in part: ‘ ‘ 1. Upon timely application any person shall be permitted to intervene in an action, including, but not limited to, an action for a sum of money only; (a) when a statute of this state confers an absolute right to intervene; or (b) when the representation of the applicant’s interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action
The court has been unable to find any statute which confers an absolute right on MVAIC to intervene in this type of action. The statutes cited by MVAIC merely grant corporate power to it and do not give it the absolute right to intervention.
MVAIC also contends that the representation of its interest is inadequate and that it may be bound by a judgment. It appears that if the plaintiff is successful in this action in obtaining a judgment that it may validly disclaim coverage and if the defendants Michael Monaghan or Ernest Monaghan recover final judgments in their negligence actions against John J. and Claude Cardinell, then, pursuant to the provisions of article 17-A of the Insurance Law, MVAIC may be bound to pay all or part of such judgments. (Insurance Law, §§ 610, 620.)
Moreover, the interests of the existing defendants are so adverse to that of MVAIC as to render adequate representation by them of MVAIC’s interest almost impossible. If the plaintiff is successful in this action, then in order to protect itself MVAIC may have to enter an appearance on behalf of John J. and Claude Cardinell in the negligence actions brought by the Monaghans. (Insurance Law, § 606, subd. [e].) Its interest then would be diametrically opposed to those of the Monaghans. *983 If the Monaghans are successful in their actions and receive payment from MVAIC, they will have to assign their judgments to MVAIC and the latter will be entitled to enforce it against the Cardinells. (Insurance Law, § 616.) In that case, MVAIC’s interest will be opposed to those of the Cardinells.
The purpose and effect of section 193-b is to render inapplicable the common-law rule under which the plaintiff was privileged to select his opponents and control the action. It has been held that this statute, which is remedial, should be liberally construed with a view to effectuating its purpose and that, as a general rule, a third party will be permitted to intervene if his interest will be jeopardized by his absence. (Harrison v. Mary Bain Estates, 2 Misc 2d 52, affd. 2 A D 2d 670.) The history of intervention, accordingly, shows a trend in the direction of the extension of the remedy rather than restriction. (Matter of Petroleum Research Fund, 3 Misc 2d 790, mod. 3 A D 2d 1; Central Westchester Humane Soc. v. Hilleboe, 202 Misc. 873.)
In the case at bar, MVAIC is so situated that it may be bound by a judgment and its interest cannot be adequately represented by the existing parties. In the interests of justice it should be permitted to intervene. (Cf. Northern N. Y. Trust Co. v. Smith, 2 Misc 2d 810; Quentin v. Henderson, 110 N. Y. S. 2d 561.)
Accordingly, the first branch of the motion is granted. MVAIC may serve a copy of the proposed answer attached to the motion papers within 10 days of the service of a copy of the order to be entered hereon.
The second branch of the motion, in which MVAIC seeks to change the venue of the action to Onondaga County on the ground of the convenience of witnesses, is denied. The moving papers fail to state the expected testimony of the various witnesses named and it appears that all of the persons named as witnesses are either parties to the action or nonresidents of Onondaga County.