Henry J. Latham, J.
This is an application by the Motor Vehicle Accident Indemnification Corporation (MVAIC) for an order permitting it to intervene, to be added as a party defendant and to serve an answer to the complaint.
The action is brought by an insurance carrier for a judgment declaring its rights and obligations with respect to a certain policy of automobile liability insurance. The defendant Cassiliano was a person allegedly injured by an automobile owned by defendant Francis and driven by defendant Bevins. The plaintiff had issued an automobile liability policy insuring the said automobile.
In a recent ease, Matter of Motor Vehicle Acc. Ind. Corp. (State-Wide Ins. Co. v. Cardinell) (36 Misc 2d 981), this court, per Crawford, J., granted a similar motion by MVAIC. It was held in that case that there was no statute conferring an absolute right upon MVAIC to intervene. Intervention was allowed, however, since it was found that MVAIC was so situated that its interest could not be adequately represented by existing parties and that it might be bound by any judgment rendered therein.
In the Cardinell case, as in the case at bar, MVAIC and the operator of the automobile shared a common interest in defending the declaratory judgment action. If the plaintiff was unsuccessful, then it would have to pay any judgment the injured party might recover. Accordingly the operator would be protected by liability insurance and MVAIC would have no obligation to pay a claim. The court in Cardinell, nevertheless, held that, since MVAIC and the driver of the vehicle might be adverse parties in a future subrogation action arising out of the same accident, it would not be possible for the injured party to adequately represent MVAIC in the declaratory judgment action.
Cardinell is distinguishable from the instant case, however, in that not only do MVAIC and Bevins, the driver, share a common interest in defending the action, but Bevins has appeared in the action by attorneys chosen by MVAIC. These same attorneys appear for MVAIC on this motion and apparently would appear for the latter in the declaratory judgment action if the motion is granted. The court assumes that this appearance is with the consent of Bevins and MVAIC and that there is no conflict of interest on the part of these attorneys. Accordingly, it would seem that the representation of MVAIC’s *621 interest would be no different if the latter were a party to the action than if it were not a party. In the opinion of the court, under the circumstances presented herein, MVAIC’s interest will be adequately represented by Bevins. The motion is denied.