Jacob Markowitz, J.
Motions Nos. 7, 8, 9, 95, 121 of August -17, 1956, No. 1 of August 21, 1956, No. 24 of August 24, 1956 and Nos. 104, 128 and 129 of September 5, 1956 are consolidated for the purposes of this decision. Each of said motions has been brought pursuant to section 193-b of the Civil Practice Act, seeking permission of the court to intervene in a proceeding brought by Guaranty Trust Company of New York, as trustee of a 'trust created by various major oil and petroleum companies under an agreement dated October 26, 1944, and described as the Petroleum Research Fund, etc., for instructions and directions with respect to said trust fund. All of the movants are apparently similarly situated and proceed substantially on the same grounds, i.e., that their interests in the pending matter are not represented by any of the present parties thereto; that each is so situated as to be adversely and vitally affected by any disposition of the trust property which may be ordered; and that the claims and defenses of the applicants and the main proceeding have a question of law or fact in common. All of said applications are opposed by petitioner and the American Chemical Society, the trust income beneficiary, generally upon the grounds that the movants are *792 adequately represented by the Attorney-General of the State of New York, who is a party; and that none of them has an interest sufficient to entitle them to intervene under section 193-b, The Attorney-General, at the hearing before me, stated categorically that he does not represent any of the moving parties and submitted an affidavit stating that he has no objection to the court’s granting the applicants leave to intervene herein.
For the purposes of these motions, it is not necessary to determine whether movants were intended to be beneficiaries of this trust, or whether they are entitled to intervene as a matter of law. It will only be necessary to consider whether, under the discretionary powers of this court, movants may and should be permitted to intervene herein.
In this connection it will be helpful to consider the Twelfth Annual Report of the Judicial Council, 1946 (pp. 218-228) which is concerned with section 193-b of the Civil Practice Act. On page 225 of the report it is noted that this section was adapted from Federal Rule 24, and the choice of that model, rather than certain others, is explained as follows: “The federal provision for intervention is proposed to be adopted in New York rather than the California type of provision because the latter type is subject to conflicting and restrictive interpretations as to the requisite " interest ’ in the matter in litigation sufficient to justify intervention, and whether such ‘ interest ’ must be ' direct ’ or ‘ indirect, ’ and ' legal ’ rather than of a ‘ general, indefinite character. ’ ’ ’
On page 226, the report continues: “A significant change in the present New York practice relating to intervention will be effected by proposed subdivision 2(b) which permits intervention in the discretion of the court when ' an applicant’s claim or defense and the main action have a question of law or fact in common. ’ The quoted provision, in conjunction with the provision permitting intervention in an action for a sum of money only, will extend the remedy of intervention to those cases where it has been denied, in the past, in New York and ‘ will facilitate the disposal in one action of claims involving common questions of law or fact, and thus avoid both court congestion and undue delay and expense to all parties. ’ ”
Footnote 51 on page 226 id., states in part as follows: ‘ ‘ Under Rule 24 (b) (2), proposed to be adopted as subdivision 2 (b) of proposed new section 193-b in New York, the United States Supreme Court, in the case of Securities Exchange Commission v. U. S. Realty & Improvement Co., 310 U. S. 434 (1940), per *793 mitted the Securities Exchange Commission to intervene in a pending suit, saying that Rule 24 (b) (2) ‘ plainly dispenses with any requirement that the intervener shall have a direct or pecuniary interest in the subject of the litigation. ’ ”
It appears, therefore, that the Judicial Council intended by its recommendation to the Legislature of what is now section 193-b of the Civil Practice Act, that the courts should have broad discretionary powers to grant intervention even in the absence of direct interest in the subject of the controversy (see, also, 4 Moore on Federal Practice, § 24.10, p. 60).
In Textile Workers Union of America v. Allendale Co. (226 F. 2d 765, 769), the court, after considering the right to absolute intervention under subdivision (a) of rule 24, concluded: “ Even if 24 (a) were inapplicable here, we are convinced that appellants would be entitled to intervene under the terms of 24 (b). Appellees concede that appellants may have a ‘ general interest ’ in the subject of the suit, but they assert that this interest does not constitute a 1 claim or defense ’ as required by the rule. Principal reliance is placed on Jewel Ridge Coal Corp. v. Local 6167 [3 F. R. D. 251]. But, as Professor Moore points out, in commenting upon the Jewel Ridge case and others of similar purport, intervention has been allowed in situations where ‘ the existence of any nominate ‘1 claim ’ ’ or “ defense ” is difficult to find.’ And establishing a ‘ claim or defense ’ for purposes of permissive intervention is, of course, not dependent upon a showing of ‘ direct pecuniary interest ’ in the litigation. In any event, appellants have much more than a ‘ general interest ’ to protect. They have a real economic stake in the outcome of this litigation.” (See, also, Champ v. Atkins, 128 F. 2d 601.)
In Central Westchester Humane Soc. v. Hilleboe (202 Misc. 873, 874-875), the court, in discussing permissive intervention, stated: ' ‘ The enactment thereof effected a change in the wording of the statute upon the subject of intervention. The fact is that the old statute had been criticized as too limited. * * *
The wording of the old statute differed so radically that decisions thereunder are not controlling. It would seem that the Supreme Court has inherent power to grant intervention to parties whose rights will be adversely affected by the outcome of an action. (See Industrial & Realty Fin. Corp. v. Continental Bank & Trust Co., 242 App. Div. 598 [1st Dept.].) And the history of intervention shows a trend in the direction of the extension of the remedy rather than restriction. (See Rubin v. Irving Trust Co., 105 N. Y. S. 2d 140.) Under the *794 liberal language of the present statute, it is not required that a proposed intervener shall have a direct personal or pecuniary-interest in the subject of the action. If he would be indirectly affected by the litigation in a substantial manner, and his claim or defense with respect to the subject matter of the litigation has a question of law or fact in common therewith, it would seem that he may be permitted to intervene. (See Securities Comm. v. U. S. Realty Co., 310 U. S. 434, 459, construing similar language in rule 24 of the Federal Rules of Civil Procedure.) ”
Using the test thus set forth, it would appear from the papers and briefs that movants may be “ indirectly affected by the litigation in a substantial manner.” In view of the foregoing, and not without regard to the powers which the Judicial Council recommended and the Legislature conferred upon the court, together with decisions both in this jurisdiction and in the Federal courts — where the rule upon which our rule is based prevails — it would be a permissible exercise of discretion to permit intervention by movant independent oil companies.
Further, and in the present state of the record, it appears that an orderly and equitable disposition of all issues in this proceeding will be facilitated, without undue delay or prejudice to any party, by permitting movants to intervene.
Accordingly, in the exercise of the inherent powers of this court and the discretion vested in the court by section 193-b of the Civil Practice Act, the motions to intervene are granted. Settle order.