JOSEPH PAOLILLO, Respondent, v. CHARLES P. FABER, Appellant.

*Specific performance — defective acknowledgment.*

A certificate of acknowledgment of the execution of a power of attorney, which states that on a day specified "before me came Joseph A. Thompson, to me personally known and acknowledged the above letter of attorney to be his act and deed," is defective in that it does not state that the notary knew that the person who appeared before him was the person described in and who executed the power of attorney, and the court will not compel specific performance of a contract for the purchase of real property, the title to which has been acquired by the vendor through a deed executed under such power of attorney.

APPEAL by the defendant, Charles P. Faber, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of May, 1900, upon the decision of the court rendered after a trial at the New York Trial Term before the court without a jury.

*Headley M. Greene*, for the appellant.

*William E. Cook*, for the respondent.

McLAUGHLIN, J.:

The parties to this action entered into a written contract by which the plaintiff agreed to buy and the defendant to sell certain real

estate, for a specified consideration, $200 of which was paid at the time the contract was executed.    At the time fixed for the completion of the contract by the delivery of the deed, the plaintiff refused to accept the title tendered by the defendant, upon the ground that it was not a marketable one; and defendant having refused to return the $200 theretofore paid, this action was brought to recover such sum, together with the expenses incurred in searching the title.    The plaintiff had a judgment from which the defendant has appealed.

The defendant acquired his title from one Thompson, by a deed of conveyance signed by one Kohler, as attorney in fact for Thompson, and the objections made by the plaintiff to the defendant's title are, (1) that this power of attorney is defective and did not authorize the attorney to pass the title by sale; and (2) that the acknowledgment to the power of attorney is defective, in that it did not comply with the statute.    We do not think there is any validity to the first objection.    The power of attorney contains a power of sale, and authorized Kohler to execute the deed of conveyance of the land in question.    But the other objection we think is valid.    The acknowledgment to the power of attorney is as follows:

" STATE OF NEW YORK,          ⎫
" *City and County of New York,* ⎬ *ss.:*
                               ⎭

" Be it known, on the fifth day of December, in the year One thousand, eight hundred and ninety-four, before me came Joseph A. Thompson, to me personally known and acknowledged the above letter of attorney to be his act and deed.

" In testimony whereof I have hereunto subscribed my name, the day and year last above written.

" N. L. TURK,

" *Notary Public N. Y.*

" Certificate filed in N. Y. Co."

This did not comply with the statute.    It was defective, in that the notary taking the acknowledgment did not state that the person who appeared before him was known to him to be the person described in and who executed the power of attorney.    Such information must be contained in the certificate of acknowledgment, and unless it is, the paper is not entitled to be recorded.    The language

of the statute is : " No acknowledgment of any conveyance having been executed, shall be taken by any officer unless the officer taking the same shall know or have satisfactory evidence that the person making such acknowledgment is the individual described in and who executed such conveyance " (R. S. pt. 2, chap. 3, § 9 [Banks & Bros. 9th ed.] p. 1836), and section 15 (Id. p. 1838) reads: " Every officer who shall take the acknowledgment or proof of any conveyance shall endorse a certificate thereof, signed by himself on the conveyance, and in such certificate shall set forth the matters hereinbefore required to be done, known or proved on such acknowledgment or proof, together with the names of the witnesses examined before such officer and their places of residence and the substance of the evidence by them given."

It will be observed that the statute prohibits an officer from taking the acknowledgment of the execution of a deed of conveyance, unless he knows or has satisfactory evidence that the person making the acknowledgment is *the individual described in and who executed the conveyance.* It not only prohibits the officer from doing this, but it requires him if he takes an acknowledgment to put into his certificate that he has such knowledge or evidence, and unless he does this, the acknowledgment is defective. (*Irving* v. *Campbell,* 121 N. Y. 356 ; *Fryer* v. *Rockefeller,* 63 id. 268.)

In *Irving* v. *Campbell* (*supra*), where a notary's certificate was under consideration, the court held that the absence from the certificate of the address of a subscribing witness rendered the certificate defective, and because of such defect the title to the land there in question was not free from reasonable doubt. Chief Judge Ruger, who delivered the opinion, said : " It is not necessary that this certificate should be expressed in the exact language of the statute, or according to any precise form ; but in respect to its substantial provisions it is indispensable that they should in some way be contained in it and convey to all persons knowledge of the required information."

And in *Fryer* v. *Rockefeller* (*supra*) it was held that an acknowledgment which did not state that the persons making it were known to the officer as the persons described in and who *executed* the deed, although it did state they were " grantors of the within indenture," was so defective that the deed was not entitled to be recorded.

A purchaser of real estate is entitled to a good record title. He is entitled to a title free from reasonable doubt (*Fleming* v. *Burnham*, 100 N. Y. 1 ; *Vought* v. *Williams*, 120 id. 253), and whenever a title can be fairly questioned a contracting purchaser will not be required to take it. (*McPherson* v. *Schade*, 149 N. Y. 16.)

But it is urged that the Real Property Law, in defining a conveyance, excludes a power of attorney, and for that reason the rule relating to the acknowledgment of a deed of conveyance does not apply. This is not so, for the Real Property Law expressly declares that to entitle a power of attorney to be recorded it must be "acknowledged or proved and certified in the manner to entitle a conveyance to be recorded." (Real Prop. Law [Laws of 1896, chap. 547], § 244.)

The judgment appealed from is right and must be affirmed, with costs.

RUMSEY, PATTERSON and O'BRIEN, JJ., concurred.

VAN BRUNT, P. J. :

I concur upon the ground that the acknowledgment is defective.

Judgment affirmed, with costs.