(52 Misc. Rep. 385)

## MORAN v. STADER.

(City Court of New York, Special Term. January, 1907.)

VENDOR AND PURCHASER—DEFECT IN TITLE—ACKNOWLEDGMENT.

In an action to recover moneys deposited on a sale of real estate, where the title of a vendor is based on the deed executed and recorded 32 years before the sale, and the certificate of acknowledgment was defective in not stating that the officer taking the acknowledgment knew the identity of the individual described in the conveyance as executing the same, the deed itself having been lost, and the defect in the certificate of acknowledgment being shown by the unauthorized record thereof, an objection to the title is well founded.

Action by John Moran against Joseph Stader. Judgment for plaintiff.

William R. Adams, for plaintiff.

Blandy, Mooney & Shipman, for defendant.

DELEHANTY, J. On April 29, 1901, plaintiff and defendant entered into a written agreement by which the latter contracted to sell and the former to purchase certain real estate in the city of New York for a specified consideration, $50 of which was paid on the execution of the contract in question. At the time fixed for the closing of title plaintiff refused to accept the deed tendered by defendant, for the reason that the title was a defective and unmarketable one. The defendant having thereupon refused to return the deposit paid, this action was instituted to recover same, together with the expenses incurred in searching the title. The main objection to the title mentioned and the one now relied upon by plaintiff for his refusal to take the deed in question is that the records of the register's office of the county of New York show that a deed given by one John Hanlon to Isaac Goldstein and recorded on March 10, 1869, under which defendant, by mesne alleged conveyances, claims title to said property, is defective and insufficient to warrant its being recorded in that the certificate of acknowledgment thereon fails to set forth that the grantor therein named was personally known to the officer who took such acknowledgment. The original of this deed was not produced upon the trial, the claim being made that it was lost, so that the only written evidence of its execution and existence consists of the record itself. It will be conceded that if the suggested title defect would warrant a court of equity in relieving plaintiff from a completion of his contract then he should recover herein; otherwise not. The certificate in question reads as follows:

"State of New York, City and County of New York—ss.

"On the tenth day of March, in the year one thousand eight hundred and sixty-nine, before me personally came John Hanlon, to be the individual described in and who executed the foregoing instrument and acknowledged that he executed the same.

"Wm. Edgar Rogers,
"Commissioner of Deeds."

This certificate was made long after the adoption of that portion of the Revised Statutes relating to the proof and recording of deeds. The language of the statute is:

"No acknowledgment of any conveyance having been executed shall be taken by any officer unless the officer taking the same shall know or have satisfactory evidence that the person making such acknowledgment is the individual described in and who executed such conveyance." Banks Bros. Rev. St. (9th Ed.) p. 1836, pt. 2, c. 3, § 9.

"Every officer who shall take the acknowledgment or proof of any conveyance shall indorse a certificate thereof, signed by himself, on the conveyance; and in such certificate shall set forth the matters hereinbefore required to be done, known or proved, on such acknowledgment or proof, together with the names of the witnesses examined before such officer, and their places of residence, and the substance of the evidence by them given." Id. p. 1838, § 15.

It is obvious that the statutory requirements cited, so far as the proof goes, were not complied with by the officer who took the acknowledgment in the case at bar. He should have certified that he knew or had satisfactory evidence that the person making the acknowledgment was the individual described in and who executed the conveyance. His failure to do this rendered the certificate defective and barred the deed of record under section 16 of the statute cited. Irving v. Campbell, 121 N. Y. 356, 24 N. E. 821, 8 L. R. A. 620; Fryer v. Rockefeller, 63 N. Y. 268; Paolillo v. Faber, 56 App. Div. 241, 67 N. Y. Supp. 638. That a deed improperly recorded cannot be read in evidence is well settled. Irving v. Campbell, supra, p. 361 of 121 N. Y., p. 821 of 24 N. E. (8 L. R. A. 620). It will be conceded that a purchaser of real estate is entitled to a title free from reasonable doubt. If the defect claimed goes to the value of the land or would interfere with its sale to a reasonable purchaser he is not compelled to take it. Fleming v. Burnham, 100 N. Y. 1, 2 N. E. 905; McPherson v. Schade, 149 N. Y. 16, 43 N. E. 527. Nor will a purchaser be compelled to take a title which can be cured only by a resort to parol evidence. Irving v. Campbell, supra; Moore v. Williams, 115 N. Y. 586, 22 N. E. 233, 5 L. R. A. 654, 12 Am. St. Rep. 844. Applying these principles of law to the conceded facts of this case, I am forced to the conclusion that the title offered plaintiff was of such reasonable doubt as to warrant its rejection upon his part and that a court of equity would so decree. Certainly the Hanlon deed was not entitled to record and consequently cannot be read in evidence. How, then, can the making and delivery thereof be shown in any other way than by parol proof, which may or may not be available to the holder of the title under defendant in any subsequent litigation between him and adverse claimants under Hanlon? Plaintiff should not be obliged to accept title defendable only by parol proof, which the changes and mutations of time may render unavailable. I have carefully reviewed the authorities submitted by the learned counsel for defendant, but they in no wise are warrant for a conclusion herein different than reached.

It follows that there must be judgment for plaintiff for the amount proven, with interest, namely, $184.41, which is hereby accordingly directed.

Judgment for plaintiff.