In the Matter of the Application of GUARANTY TRUST COMPANY OF NEW YORK as Trustee of the Trust, Described as PETROLEUM RESEARCH FUND and Created by Shell Oil Company Incorporated and Others. AMERICAN CHEMICAL SOCIETY et al., Appellants; INDEPENDENT REFINERS ASSOCIATION OF AMERICA et al., Intervenors-Respondents.

First Department, December 18, 1956.

*Theodore Kiendl* of counsel (*Walter D. Fletcher, Andrew Y. Rogers, Taggart Whipple, J. Dormer Cannon* and *Henry L. King* with him on the brief; *Davis Polk Wardwell Sunderland & Kiendl,* attorneys), for Guaranty Trust Company of New York, as trustee of the Petroleum Research Fund, appellant.

*Elisha Hanson* of counsel (*E. Douglas Hamilton* and *Burton K. Farber* with him on the brief; *Elisha Hanson, Arthur B. Hanson, Brown, Cross & Hamilton,* attorneys), for American Chemical Society, appellant.

*Edwin Jason Dryer* of counsel (*Lilleston, Spradling, Gott & Stallwitz, Jochems, Sargent & Blaes, Oppenheimer, Hodgson, Brown, Baer & Wolff* and *Meyers & Batzell* with him on the brief; *Blum, Jolles, Gruber Szabad & Gersen,* attorneys), for Independent Refiners Association of America et al., intervenors-respondents.

*Peter H. Kaminer* of counsel (*Kenneth M. Spence, William A. Delano* and *William W. Karatz* with him on the brief; *Winthrop, Stimson, Putman & Roberts,* attorneys), for South Penn Oil Company; (*Lowenstein, Pitcher, Spence, Hotchkiss, Amann & Parr,* attorneys), for Quaker State Oil Refining Corp. et al., intervenors-respondents.

VALENTE, J. The record before us presents a proper case for the exercise of discretionary power to grant intervention, as found in subdivision 2 of section 193-b of the Civil Practice Act. We construe this section as applying to both actions and proceedings.

To limit discretionary supervision to actions only, as contended by the appellant, is to utterly disregard the considerations which led to its enactment. A procedural device that is calculated to reform and modernize the remedy of intervention

deserves a wide latitude of construction to effectuate its purposes.

This section was adopted in 1946 (L. 1946, ch. 971) on the recommendation of the Judicial Council. (Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 163–232.) The Judicial Council stated at page 225 of its report that section 193-b represented an adaptation of rule 24 of the Federal Rules of Civil Procedure. Its purpose was to extend the remedy of intervention to cases where it had theretofore been denied in New York and thus add another device for the promotion of trial convenience.

A reading of the trust agreement, its purposes and objects makes plain the fact that while the intervenors are not trust beneficiaries, they do have a real and substantial interest in the outcome of this proceeding.

The trust was established by agreement dated October 26, 1944, between six major oil companies as donors and Guaranty Trust Company as trustees. By its terms the donors transferred to the trustee their interests in Universal Oil Products Company (hereinafter called " Universal ") and the income derived from the operation of Universal was to be paid to the beneficiary, American Chemical Society, to be used by it " exclusively for advanced scientific education and fundamental research in the ' petroleum field ' ".

Universal was (according to the trust agreement) " engaged primarily in research and development work in the petroleum field and the ownership and licensing of processes, patents and patent rights relating to the petroleum field. The Donors believe that the carrying on of such business is in the public welfare." The express general object of the trust agreement was to advance the public welfare in accordance with the laws of this State relating to charitable trusts.

Under article Fourth of the trust agreement, it is provided that the trustee, unless and until it shall have been authorized by a court of competent jurisdiction, cannot sell or otherwise dispose of any of the securities of Universal or permit Universal to discontinue research and development work in the petroleum field and the ownership and licensing of processes and patent rights relating to the petroleum field. Following these clauses are the words: " It is the intention of this provision that the Trustee shall be relieved of the foregoing restrictions only in case it shall be demonstrated to a court of competent jurisdiction that conditions shall have changed in such manner and to such extent that the public welfare will be no longer effectively served by such restrictions."

These provisions clearly spell out a definitive intent, on the part of the donors, to perpetuate Universal's services for the benefit of the refining industry — including the intervenors herein — all of which they deem to be in the interest of the public welfare.

It further appears from two letters from the Department of Justice, Washington, D. C., one addressed to the Attorney-General of the State of New York, the other to the Guaranty Trust Company, that our National Government is concerned with these proceedings and recognizes that Universal "has been a source of technology important to the operations of independent refiners."

We also find persuasive that, in the absence of the intervenors, there is, as a practical matter, no real adversary proceeding before the court. The beneficiary of the trust and the Attorney-General do not oppose the trustee's application. Responsibility for ultimate decision rests with the court. Obviously, the court will be assisted materially by a presentation of relevant facts by the intervenors who propose to contest the petitioner's application.

Permission to intervene does not depend on any finding that the intervenors are beneficiaries of the trust. The incidental nonmonetary benefits which the intervenors derive, while of sufficient importance to permit their being heard in this proceeding, are not such as to make them beneficiaries of a charitable trust so as to invalidate it because they are operated as profit making corporations.

While the court below refers to its inherent power to grant intervention, and the language in some cases seems to support such a view (see *Industrial & Realty Financial Corp.* v. *Continental Bank & Trust Co.*, 242 App. Div. 598; *Central Westchester Humane Soc.* v. *Hilleboe*, 202 Misc. 873), we need not pass on that question since we have found sufficient power to act in section 193-b of the Civil Practice Act. However, it should be pointed out that our conclusion can be buttressed further by the language of section 192 and section 1309 of the Civil Practice Act. The latter provision, found in article 79, gives the court power at any stage of the proceedings, by supplemental order to show cause, to bring in parties not named in the original order to show cause.

There is no merit to the respondents' contention that the orders are not appealable. Clearly they affect a substantial right and are therefore appealable (Civ. Prac. Act, § 631). In fact, this court only recently in *Harrison* v. *Bain Estates* (2

Misc 2d 52, affd. 2 A D 2d 670) considered an appeal from a similar order.

Upon this record it appears that Special Term acted properly and within its discretion in granting the application for intervention.

In order to insure against any undue delay or prejudice, we have concluded that the orders should be modified to the extent that all the intervenors be represented at the trial by one chief counsel who shall participate in the conduct of the trial on behalf of all intervenors. Said chief counsel is to be agreed upon among the intervenors, or, upon failure to agree, is to be appointed by the court at Special Term. In addition, the orders should provide that the trust funds shall not be charged for any counsel fees for services rendered on behalf of the intervenors in this proceeding.

The orders below should be modified accordingly and, as so modified, affirmed, without costs.

BOTEIN, J. P., RABIN, FRANK and BERGAN, JJ., concur.

Orders, granting intervenors' motions for leave to intervene, unanimously modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice.