■ DAVID REED et al., Respondents, v. VILLAGE OF LARCHMONT, Respondent, and A. A. WYN, INC., et al., Intervenors-Defendants-Appellants.— In an action for a declaratory judgment that certain uses of real property owned by the plaintiffs do not violate the Zoning Ordinance of the defendant village, in which the village interposed a defense and counterclaim for a declaration that such uses do violate the Zoning Ordinance and for an injunction against such uses, the owners of land adjacent to and in the vicinity of the subject property appeal from so much of an order of the Supreme Court, Westchester County, entered January 25, 1963, as denied their motion to intervene in the action as party defendants. Order, insofar as appealed from, reversed, with $10 costs and disbursements, and motion granted. The applicants' proposed answer to the complaint having already been served, such answer will be deemed to be their pleading in the action as party defendants; and the time to serve a reply to the counterclaim therein set forth or to make any motions addressed to such pleading is extended until 20 days after entry of the order hereon. The proposed answer of the applicants raises issues of law and fact common to the litigation between the present parties; the applicants are ultimately and really interested in the outcome of this litigation; and they have capacity to sue in their own right to enjoin the alleged violation of the Zoning Ordinance (*Marcus* v. *Village of Mamaroneck*, 283 N. Y. 325). Under the circumstances, it was an improvident exercise of discretion for the Special Term to deny their motion to intervene (cf. *Harrison* v. *Bain Estates*, 2 Misc 2d 52, affd. 2 A D 2d 670; *Central Westchester Humane Soc.* v. *Hilleboe*, 202 Misc. 873). Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.