John H. Pennock J.
This is a motion by the movant parties for an order pursuant to CPLB 1012 (subd. [a], par. 2) and 1013, granting the intervention as of right and/or intervention by the court’s permission. If leave to intervene is granted, the movant parties also pray for leave to move to dismiss the complaint pursuant to CPLB 3211 (;subd. [a], pars. 3, 7) on the ground that plaintiffs have no capacity to sue and that the complaint fails to state a cause of action.
The movant parties consist of 13 railroads who seek to intervene in this action in order to defend the constitutionality of chapter 636 of the Laws of 1959, partly repealed and re-enacted by chapter 86 of the Laws of 1963, and presently codified as title 2-A of article 4 of the Beal Property Tax Law and section 54-b of the State Finance Law. These statutes provide for partial exemption from real property taxes for railroads in the State of New York under a special formula constructed so as to apply an earnings factor in the determination of the taxable value of railroad real property. The record shows movant railroads operate more than 77 % of all railroad mileage in this State and paid taxes in the taxable year 1963-1964 in excess of $12,000,000 and represent payment of approximately 84% of all real property taxes levied on New York railroads. They urge that they are directly affected by chapter 636 and have a substantial economic interest in upholding its validity. According to briefs of the intervenors this tax reduction for railroads has resulted in a tax reduction in the amount of $23,000,000. These facts leave no doubt of the direct and measurable economic effect which this legislation has had and will continue to have on the movant railroads.
The respondent plaintiffs urge that although the applicant intervenors are interested in the outcome of this action, they have no real interest in the action as such; that, although the intervenors receive a certain special benefit under the law in question, that interest is not of such a nature that would require the applicants to be parties to the action.
The court does not agree. On a review of the record before the court a proper case is presented for the exercise of the discretionary power to grant an intervention. It appears to this court that the intervenor railroads have a more than *718 indirect interest in this proceeding and as a matter of fact they have a direct interest in that the final judgment on the validity of the statute might very well forecast the future financial condition of all of the railroads in the State. The Legislature, in its wisdom, has so declared. (Real Property Tax Law, tit. 2-A. § 489-a [Legislative declaration].) They do have a real and substantial interest in the outcome of this proceeding. (Matter of Petroleum Research Fund, 3 AD 2d 1.) The defenses with respect to the subject matter have a common question of law or fact. (Central Westchester Humane Soc. v. Hilleboe, 202 Misc. 873.) Furthermore the complaint of the plaintiffs contains in the wherefore clause, in the addition to specific relief, a prayer “ and for such other, further and different relief, judgment or decree in the premises as to the court may deem just and proper, together with the costs of this action ’ ’. This may result in consequential judgment that would have a direct binding effect upon the railroads of the State including the interveners. It is conceivable that under this broad demand for relief the court might very well make a determination which would substantially affect the railroads both directly and indirectly. There is no question that the instant statutes are of the type which basically affect one industry of the State, and justice dictates that it should have an opportunity to present to the court its extensive knowledge of the facts which stimulated the enactment of the act in question. It may well be of aid in .reaching a just determination of the questions herein presented. The plaintiffs show no prejudice by this intervention and it should present no unusual delay.
For these reasons, and as a step toward the modernization of the judicial trial of constitutional issues of class benefit statutes enacted to prohibit decay of public service industries under supervision and control of State agencies (Railroad Law; Public Service Law, § 5), the court in its discretion grants the motion as of right and for permission to intervene as party defendants in the action. Further that the pleadings and other papers shall be amended to show the interveners as a party. (CPLR 1012, 1013.)
This determination of the court is conditioned on the intervenor party defendants being treated as a class represented by the same counsel and the case shall continue in its present posture without delay. Also on the condition that there shall be no reopening of any phase of the case or duplication of any proceedings to date by the intervenors-defendants, with the exception that they are granted the right to move to dismiss the complaint pursuant to CPLR 3211 (subd. [a], pars. 3, 7) *719 on the grounds the plaintiffs had no legal capacity to sue and that the complaint fails to state a cause of action, notwithstanding the service of the proposed answer. (CPLR 1014.) It is further determined that the final order shall contain a show-cause provision, setting the movant parties’ (intervenorsdefendants’) proposed motion and the pending motion of defendants for a hearing on December 28,1964 at a Special Term to be held in and for the County of Albany.