■ GREENPOINT BANK, Respondent, v IRINI PARISSI et al., Defendants, and MASPETH FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant. [682 NYS2d 437] —In an action, *inter alia,* for a judgment declaring that the mortgage held by the plaintiff has priority over the mortgage held by the defendant Maspeth Federal Savings and Loan Association, that defendant appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated September 4, 1997, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment declaring that the mortgage held by the defendant Maspeth Federal Savings and Loan Association has priority over the mortgage held by the plaintiff.

The requisite formalities of execution of a conveyance of an interest in real property must be observed for the instrument to obtain the benefits of the recording act, Real Property Law § 291 (*Chamberlain v Spargur,* 86 NY 603). General Obligations Law § 5-703 provides that a conveyance of an interest in real property cannot be created by an agent of the property owner unless the agent is authorized in writing to sign the instrument of conveyance.

Here, the property owner's attorney executed a mortgage to the plaintiff pursuant to a power of attorney purportedly executed by the property owner. Although the mortgage held by the appellant, Maspeth Federal Savings and Loan Association (hereinafter Maspeth Federal), was recorded after the plaintiff recorded its mortgage, the uncontroverted evidence submitted by Maspeth Federal indicates that the power of attorney was a forgery. Thus, the plaintiff's mortgage was fatally defective in its execution and not entitled to be recorded (*see,* General Obligations Law §§ 5-703, 5-1111; *Marden v Dorthy,* 160 NY 39; *Fryer v Rockefeller,* 63 NY 268; *Paolillo v Faber,* 56 App Div 241). To the contrary, Maspeth Federal's mortgage was duly recorded under the recording act. Thus, the mortgage held by Maspeth Federal has priority over the plaintiff's mortgage under the recording act as a matter of law (*see,* Real Property Law § 291). Bracken, J. P., Copertino, Thompson and McGinity, JJ., concur.