■ JAMES MERCALDO, Plaintiff, v LUCIANO A. NAVARRO, Defendant, and DEBORAH NAVARRO, Intervenor-Respondent. VINCENT LONGOBARDI et al., Nonparty Appellants. [857 NYS2d 595]—

In an action to foreclose a mortgage on the undivided one-half interest of certain real property owned by the defendant Luciano A. Navarro, nonparties Vincent Longobardi and Yitta Weiss, the purchasers at the foreclosure sale, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated May 11, 2007, as granted those branches of Deborah Navarro's motion which were for leave to intervene, in effect, to vacate the default judgment obtained against her ex-husband, the defendant Luciano A. Navarro, to vacate the judgment of foreclosure and sale, revoke the public sale, and set aside the referee's deed conveying the defendant Luciano A. Navarro's interest in the property to them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the nonparty appellants' contentions, Deborah Navarro (hereinafter Navarro) was a necessary party to the foreclosure action by virtue of her cotenancy ownership interest in the property being foreclosed upon (*see Capital Resources Co. v Prewitt*, 266 AD2d 176 [1999]). The Supreme Court did not err in exercising its inherent powers of equity to grant Navarro leave to intervene, in effect, vacate the default judgment obtained against Navarro's ex-husband, to vacate the judgment of foreclosure and sale, revoke the public sale, and set aside the referee's deed (*see Guardian Loan Co. v Early*, 47 NY2d 515, 520-521 [1979]; *Alkaifi v Celestial Church of Christ Calvary Parish*, 24 AD3d 476, 477 [2005]; *Fleet Fin. v Gillerson*, 277 AD2d 279 [2000]). Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur. [*See* 15 Misc 3d 1135(A), 2007 NY Slip Op 50981(U).]