US Bank National Association, as Trustee for Credit Suisse First Boston MBS 2004-4, Respondent, v Sandor Gestetner et al., Defendants. Erminia R. Sklar, Proposed Intervenor-Appellant. [902 NYS2d 247]—

---

Garry, J. Appeal from an order of the Supreme Court (Sackett, J.), entered April 7, 2009 in Sullivan County, which, among other things, denied Erminia R. Sklar's motion to intervene.

In 2007, plaintiff commenced this action to foreclose a mortgage on property located in the Town of Tusten, Sullivan County executed by defendant Sandor Gestetner on February 24, 2004, recorded in the office of the Sullivan County Clerk on March 1, 2004, and later assigned to plaintiff. Defendant Steven D. Sklar (hereinafter defendant), who was named as the sole record owner of the property, interposed a pro se answer; Gestetner defaulted. Plaintiff moved for, among other things, summary judgment dismissing defendant's answer. Defendant's wife, proposed intervenor Erminia R. Sklar (hereinafter Sklar), opposed plaintiff's motion and subsequently moved to intervene in the action as of right (*see* CPLR 1012) or by permission (*see* CPLR 1013), alleging that she is a co-owner of the mortgaged property. Supreme Court granted plaintiff's motion and denied Sklar's motion, finding that she had no ownership interest. Sklar appeals.

Gestetner allegedly acquired the property on February 24, 2004 pursuant to a deed executed by defendant under disputed circumstances. Gestetner subsequently reconveyed partial shares back to defendant in several transactions and, ultimately, in 2006, conveyed his remaining interest to defendant. Plaintiff contends that defendant is the property's sole record owner. Sklar alleges that she and defendant co-owned the property before the 2004 conveyance,[1] that she did not know about, participate in, or authorize the 2004 conveyance, the mortgage, or

---

**1.** She alleges that they acquired the property in 1997 as tenants by the entirety.

any of defendant's subsequent transactions with Gestetner, and that she would not have authorized them had she known. Sklar allegedly only recently discovered that, in 2004, her signature was forged on a power of attorney that purported to authorize defendant to engage in real estate and banking transactions on her behalf. She obtained a copy of this document from the records of the Sullivan County Clerk and allegedly determined that the notary public who acknowledged her purported signature, and is unknown to her, resides near Gestetner in Monsey, Rockland County. Sklar alleges that neither she nor defendant had seen the power of attorney at any time before its recent discovery, and that defendant made the 2004 conveyance in the mistaken belief that he had the right to sign her name to legal documents.

Supreme Court found that these claims, supported by a copy of the allegedly forged power of attorney, were conclusory, unsubstantiated, and insufficient to support Sklar's request to intervene. We disagree. Several irregularities sufficient to "put a reasonable person on notice that something was amiss" (*Neildan Constr. Corp. v Angona*, 209 AD2d 389, 390 [1994]) are apparent on the face of the document, a statutory short form durable power of attorney (*see* General Obligations Law former § 5-1501 [1]). In spite of language warning in bold print and capital letters that no authority will be granted if the spaces beside the powers are not initialed, the granted powers are merely checked off and bear no initials. The "Affidavit that Power of Attorney is in Full Force" is completely blank. Sklar's purported signature is undated.[2] The file stamp and recording data indicate that it was recorded contemporaneously with the note and mortgage on May 1, 2004, a week after the deed and mortgage were executed, undermining plaintiff's assertion that the mortgage was issued in reliance upon the recorded power of attorney. Moreover, this Court's informal comparison of Sklar's purported signature on the power of attorney to her signature as it appears on affidavits in the record reveals discrepancies that warrant further investigation (*see Eggleson v Trustees of Gen. Elec. Pension Trust*, 238 AD2d 871, 871-872 [1997]).

Further, plaintiff failed to submit sufficient support for its claim that the 2004 conveyance terminated Sklar's interest in the subject property. The 2004 deed by which defendant allegedly conveyed the property to Gestetner is inexplicably absent

---

**2.** The notary public's acknowledgment of the purported signature bears a partly legible date in January 2004.

from the record.[3] Plaintiff's descriptions of the 2004 deed are inconsistent, variously indicating that Sklar's name appears nowhere on the document (in which case it is difficult to understand how it could have been effective to convey her interest to Gestetner), that it was executed by defendant and Sklar, and that defendant executed the deed on behalf of himself and Sklar. Counsel made these various assertions without claiming to have inspected the deed or stating any other basis for knowledge of its contents. Sklar's sworn statements that she did not sign or authorize the conveyance to Gestetner, that the power of attorney was forged, and that she continues to be a co-owner of the property thus stand wholly uncontradicted by statements made by a party with personal knowledge or any other admissible evidence (*see Crispino v Greenpoint Mtge. Corp.*, 304 AD2d 608, 609 [2003]).

We find that Sklar has established, without contradiction in the record, that she may have an ownership interest in a property currently subject to foreclosure proceedings under a deed and mortgage that may be invalid. She has "made a sufficient showing of a real and substantial interest in the outcome of the foreclosure action warranting her intervention" (*Greenpoint Sav. Bank v McMann Enters.*, 214 AD2d 647, 648 [1995]). As a person who "may be affected adversely by the judgment" in this action involving title to property, Sklar is entitled to intervene as of right (*see* CPLR 1012 [a] [3]).[4] Plaintiff's contention that other avenues for legal relief may also be available is irrelevant. Further, Sklar should have been permitted to intervene as a matter of discretion (*see* CPLR 1013). The validity of the mortgage is central to plaintiff's foreclosure action, and Sklar's allegations raise triable issues of fact in this respect (*see Campbell v Campbell*, 43 AD3d 1264, 1266 [2007]; *Hoffman v Kraus*, 260 AD2d 435, 436-437 [1999]; *see also Greenpoint Bank v Parissi*, 256 AD2d 548, 549 [1998]). The motion to intervene should have been granted, and plaintiff's motion for summary judgment denied as premature (*see Mercaldo v Navarro*, 50 AD3d 980, 981 [2008]; *Capital Resources Co. v Prewitt*,

---

3. Plaintiff submitted a deed to Supreme Court to ostensibly demonstrate that the property was conveyed to Gestetner; however, this document, dated in August 2005, appears to be merely one of the instruments by which defendant and Gestetner reapportioned their ownership interests. The only other deed in the record is the 2006 instrument by which Gestetner transferred his remaining interest to defendant.

4. Contrary to plaintiff's argument, intervention as of right is not discretionary; CPLR 1012 provides that a nonparty who meets the statutory requirements "shall" be permitted to intervene. Further, if Sklar is indeed a co-owner of the property, she is a necessary party (*see* RPAPL 1311 [1]).

266 AD2d 176, 176-177 [1999]; *Harrison v Bain Estates*, 2 Misc 2d 52, 53-55 [1956], *affd* 2 AD2d 670 [1956]). Finally, plaintiff's claim that the motion to intervene was untimely was not raised in Supreme Court and is unpreserved.

Spain, J.P., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the order is modified, on the law and the facts, with costs to Erminia R. Sklar, by reversing so much thereof as granted plaintiff's motion for summary judgment and as denied Erminia R. Sklar's motion to intervene; motion to intervene granted, motion for summary judgment denied; and, as so modified, affirmed.