Rose, J.P.
Appeal from an order of the Supreme Court (Meyer, J.), entered March 24, 2011 in Essex County, which, among other things, denied a motion by John M. McMillin III, Ellen M. McMillin, Richard M. Moccia and Leslie Moccia for leave to intervene.
The underlying facts are more fully set forth in our decision in Town of N. Elba v Grimditch (96 AD3d 1300 [2012] [decided herewith]). Briefly, plaintiffs commenced an action against defendants seeking, among other things, a permanent injunction preventing them from constructing boathouses in the waters of Lake Placid adjacent to their lakeside parcels of property on the ground that the boathouses were in violation of the applicable land use code. John M. McMillin III, Ellen M. McMillin, Richard Moccia and Leslie Moccia (hereinafter the proposed intervenors) moved to intervene in the action pursuant to CPLR 1012 and 1013 claiming that, as owners of property adjoining the parcel owned by defendants Wayne H. Grimditch and Carol Lynn Grimditch Roda, they would be harmed by the construction of the allegedly illegal boathouse. Supreme Court denied the motion to intervene, and the proposed intervenors appeal.* We reverse.
Initially, we disagree with the proposed intervenors’ contention that they qualify for intervention as of right pursuant to CPLR 1012 (a) (3). That statute does not apply here as the action between plaintiffs and defendants does not involve “the disposition or distribution of, or the title or a claim of damages for injury to, property” (CPLR 1012 [a] [3]; compare US Bank N.A. v Gestetner, 74 AD3d 1538, 1541 [2010]). We agree, however, that intervention should have been granted by permission pursuant to CPLR 1013. The proposed complaint raises issues of law and fact common to the litigation between plaintiffs and defendants, namely the legality of the boathouse under the applicable land use code. As the proposed intervenors have an interest in the litigation by virtue of their status as owners of adjoining premises (see Little Joseph Realty v Town of Babylon, 41 NY2d 738, 744 [1977]), and as defendants have not demonstrated that intervention would cause undue delay or prejudice (see CPLR 1013; Matter of Rent Stabilization Assn. of N.Y. City v *1307 New York State Div. of Hous. & Community Renewal, 252 AD2d 111, 116 [1998]), Supreme Court should have granted the motion to intervene (see Matter of Clinton v Summers, 144 AD2d 145, 147 [1988]; Reed v Village of Larchmont, 19 AD2d 624, 624 [1963]). Accordingly, upon remittal in the accompanying appeal of the proposed intervenors’ separate action, the pending actions should be consolidated.
Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.

 The proposed intervenors subsequently commenced a separate action against Wayne H. Grimditch and Carol Lynn Grimditch Roda and, in an accompanying appeal, we reverse Supreme Court’s order dismissing that action (see Town of N. Elba v Grimditch, 96 AD3d 1300 [2012] [decided herewith]).