Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about August 24, 2012, which granted Preferred Term Securities XX, Ltd.’s motion to intervene as a party plaintiff, unanimously affirmed, with costs.
Preferred Term Securities XX, Ltd. (PreTSL XX) issues collateralized debt obligations. It sold notes to investors and used the proceeds to purchase various securities (the collateral securities), cash flows from which are distributed to the investors (the noteholders). PreTSL XX is governed by an indenture among itself, as issuer, Preferred Term Securities XX, Inc., as co-issuer, and defendant Bank of New York Mellon (BNYM), as trustee. Because it is structured as a static investment vehicle, that is, the pool of assets it holds was intended to stay constant, collateral securities can only be sold or otherwise removed from the PreTSL XX trust estate in limited circumstances prescribed by the indenture.
Plaintiffs, senior noteholders, allege that BNYM improperly sold collateral securities to defendant Bimini Capital Management, Inc., thereby diverting valuable portfolio collaterals from the trust estate and diminishing its value, and wrongly depriving them and other noteholders of the full bargained-for value of their investments.
PreTSL XX moved to intervene in this action on the grounds that the action involves claims for damages that relate to the disposition of property it owns, that its interests may not be adequately represented by the parties, and that it may be affected by the judgment (see CPLR 1012 [intervention as of right]), and that its claims and this action have common questions of law and fact (see CPLR 1013 [intervention by permission]). Defendants argue that PreTSL XX does not have standing to assert a claim for damage to the trust estate, because any alleged injury was sustained by nonparty noteholders, not PreTSL XX. We find, contrary to defendants’ argument, that PreTSL XX has “an actual legal stake in the matter being adjudicated” (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772 [1991]) and therefore has standing to intervene in this action.
Initially, we reject the proposition implicit in defendants’ argument that there may be no party in a position to hold BNYM *438 responsible for the full scope of the damage caused by its alleged breach of the indenture (see Matter of Petroleum Research Fund, 3 AD2d 1, 4 [1st Dept 1956]; CFIP Master Fund, Ltd. v Citibank, N.A., 738 F Supp 2d 450, 477 [SD NY 2010]).
More specifically, we find that PreTSL XX, as a signatory to and BNYM’S primary counterparty under the indenture, has standing to bring a breach of contract claim in the face of BNYM’s sale to Bimini of assets that the indenture allegedly did not permit it to sell (see Petrohawk Energy Corp. v Law Deb. Trust Co. of N.Y., 2007 WL 211096, *3, 2007 US Dist LEXIS 5803, *8-9 [SD NY, Jan. 29, 2007, No. 06 Civ 9404(DLC)]). That any recovery PreTSL XX obtains may have to be distributed to the noteholders does not alter this conclusion (see Petroleum Research Fund, 3 AD2d at 4; Petrohawk, 2007 WL 211096, *3, 2007 US Dist LEXIS 5803, *8).
PreTSL XX also has standing as the owner of the collateral securities that were sold by BNYM to defendant Bimini (see US Bank N.A. v Gestetner, 74 AD3d 1538, 1541 [3d Dept 2010]).
Most significantly, PreTSL XX has standing based upon the contractual duties it assumed under the indenture (see Petrohawk, 2007 WL 211096, *3, 2007 US Dist LEXIS 5803, *8). In the “Granting Clause,” PreTSL XX granted its “right, title and interest” in the collateral securities to BNYM, “for the benefit of itself and the Holders of the Notes,” and “in trust ... to secure compliance with the provisions of this Indenture, all as provided in this Indenture.” Section 3.5 of the indenture, “Protection of the Trust Estate,” authorizes PreTSL XX to take action “necessary or advisable to: . . . (iv) preserve and defend title to the Collateral.” Defendants’ interpretation of the granting clause would lead to the perverse result that a grant made expressly to secure compliance with the indenture and to benefit PreTSL XX and the noteholders would preclude PreTSL XX from bringing claims, for the benefit of itself and the noteholders, to recover damages for BNYM’s alleged breach of the indenture.
Concur—Friedman, J.P, Sweeny, Renwick, Richter and Román, JJ.